Alex Freedman v. The State.

*No. 1130. Decided February 3d, 1897.*

### 1. Selling Liquor to a Minor—Evidence of Other Sales.

On a prosecution for selling liquor to a minor, evidence that defendant had sold liquor to other minors, at other times, is inadmissible.

### 2. Same—Where the Sale is by an Employe.

On a prosecution for selling liquor to a minor, where the evidence shows, that the sale was by an employe of the defendant, to warrant a conviction, it must be further established, that defendant consented to the sale; that he authorized the sale, or that he knew of the sale and ratified it by taking the money, or something of that sort.

Appeal from the County Court of Navarro. Tried below before Hon. M. L. Shelton, County Judge.

Appeal from a conviction for selling liquor to a minor; penalty, a fine of $25.

The opinion states the case.

*Simpkins & Mays*, for appellant.—Evidence of separate and distinct offenses not growing out of or connected with the offense charged, is inadmissible.   Ceasure v. State, 1 Tex. Crim. App., 19; White v. State, 11 Tex. Crim. App., 479; Welhousen v. State, 30 Tex. Crim. App., 623; Marshall v. State, 22 S. W. Rep., 878; Smith v. State, 24 S. W. Rep., 27.

*Mann Trice*, Assistant Attorney-General, for the State, confessed error.

DAVIDSON, JUDGE.—Appellant was convicted of knowingly selling liquor to a minor without written consent of the parent, and his punishment assessed at a fine of $25, and hence this appeal is prosecuted. The sale was alleged to have been made to one Claude Chandler. Chandler testified that he bought beer twice at the defendant's saloon—once on the 6th and the other on the 7th of March, 1896. Chandler swears that he was 16 years old when he got the beer. Defendant and his porter, a negro (from whom Chandler says he obtained the beer), testified to facts which, if true, show that the beer was sold to a white man who worked at the compress, and paid for by him, and that Chandler came and got the beer for the white man. Defendant denied selling Claude Chandler beer. Over the objections of the defendant, the State was permitted to prove by Joe Chandler that he frequently bought beer from the defendant before he was 21 years old, and that he had frequently seen the defendant sell beer to boys under 21 years of age; also, by A. McKamy, that he bought beer from the defendant before he was 21 years of age. This evidence was not admissible. These were separate and distinct transactions from that under investigation. Defendant had not been notified by the indictment that he would be called upon to meet these sales to other minors. We know of no rule of law that would permit such testimony. It could serve but two purposes: First, that he was in the habit of selling to minors, and therefore he made the sale to Claude Chandler. This would be only argumentative. Second, to prejudice defendant's case before the jury. The minor, Claude Chandler, testified: That he got the beer from a negro in defendant's saloon. That he purchased the beer on the 6th and 7th of March, 1896. The first time defendant was sitting on the gallery, and the second time he was talking to some men in the rear of the saloon. Chandler saw him when he went in, but did not know whether defendant saw him or not. Under this state of facts, defendant requested the court to give the following charge: "In this case you are further charged by the court, at the request of the defendant, that the defendant is charged with having sold intoxicating liquors, to-wit: beer, to a minor, to-wit, Claude Chandler, and, in order for you to convict him of such a charge, you must believe from the evidence, beyond a reasonable doubt, that said defendant, Alex Freedman, himself sold said intoxicating liquor to Claude Chandler, or, being present, permitted said sale to be made; but if you believe said Chandler

merely went and got beer in a bucket for another, it having been paid for, you will acquit the defendant." This charge was directly applicable to the defense in this case. The proof showed that the beer was obtained from the negro porter in the saloon, not in the presence of the defendant. To make out the case, the State must show that the defendant was consenting to the transaction; that he had authorized the sale, or that he knew of the sale, and ratified it by taking the money, or something of that sort. Again, if in fact the beer had been sold to another person, and paid for, and Claude Chandler came and got it, this would not be a violation of the law. If the beer had been given to Claude, he being the messenger of the man who had paid for it, this would not have been a violation of the law. For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and Remanded.*