## HENRY GERSTENKORN V. THE STATE.

### No. 1482.   Decided February 16, 1898.

**1.  Local Option—Continuance—Revenue Collector—Diligence.**

On a trial for violating local option, an application for continuance based upon the absence of the internal revenue collector was properly refused, where it appears that no process was issued for said witness, and further, that defendant must have known beforehand that the State would use certain testimony coming from the office of said witness.

**2.  Same—Materiality of Absent Testimony.**

On a trial for violation of local option, where it is positively proved that defendant sold the liquor as charged, and that it was whisky, Held, it would be immaterial to prove by the absent witness, that at the time defendant procured from him the internal revenue license he told the witness that he, defendant, was not intending to engage in the business of selling intoxicating liquors, but he might desire to sell nonintoxicating beverages. Such statement could not qualify the effect of the license.

**3. Postponement—Diligence.**

A defendant is not entitled to a postponement during the progress of the trial for a witness who, though subpoenaed, is not shown to have been present at the time of announcement of ready for trial.

**4. Same.**

Ordinarily the postponement of a case on trial will not be granted for impeaching testimony.

**5. Same—Evidence—Examined Copy.**

On a trial for violation of local option, testimony in regard to an examined copy from the books of the internal revenue collector of the license procured by defendant is admissible.

APPEAL from the County Court of Johnson. Tried below before Hon. F. E. ADAMS, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $100 and sixty days imprisonment in the county jail.

J. E. Sturgess, being sworn, testified as follows: That he was acquainted with Henry Gerstenkorn; that about the 5th day of March he went into his place of business, and asked him for a drink; that said Gerstenkorn sold him a drink of whisky at his place in Johnson County, Texas, for which he paid him the sum of fifteen cents.

On cross-examination the witness testified that he had had one or two other drinks on that day, but was not intoxicated. That he was acquainted with Oliver Lister, and also with Ben Williams, and that he did not state to Ben Williams and Oliver Lister, either or both of them,. at any place in Johnson County, Texas, or elsewhere, that the defendant, Henry Gerstenkorn, had never at any time sold him any intoxicating liquor, nor did he state anything in substance to that effect.

H. F. Long, being sworn, testified as follows: "I know Henry Gerstenkorn; his place of business on the 1st of December, 1896, was back of B. L. Durham's, on Caddo Street. He had some billiard tables in the place he was occupying, and was selling cigars, soda water, and other drinks. I had frequently seen, about that time, men in a drunken condition coming out of and going into the defendant's place of business. I am deputy sheriff, and am acquainted with J. L. Doggett, United States internal revenue collector for the Fourth District of Texas, with headquarters at Dallas, Texas. I was in his office at Dallas, Texas, and at my request he in person showed me the record of special taxpayers United States internal revenue, for the Fourth District of Texas, in his office, and I examined the said record, so shown by him to myself,. which was open to the public. From said record I made a true and correct copy in writing, of names, etc., of persons having such business in this county, which I now hold in my hand. After making the list I compared the list with the record from which the list was made, and know from such examination that the list is and was correct. I made the list from Book 10, Record of Special Taxes, Fourth District of Texas, United States Internal Revenue."

The State then offered in evidence the fact that the name of the defendant appeared on the above list, as a retail liquor dealer, under the heading as below, and the said heading and entry were then introduced in evidence by the county attorney, the said heading and entry being as follows:

| Name. | Business. | From What Time. | Amount of Taxes. |
|---|---|---|---|
| H. J. Gerstenkorn. | Retail Liquor Dealer. | July, 1896. | $25.00. |

| Date of Payment or Issuance of Certificate. | Serial Number. |
|---|---|
| July 30th, 1896. | No. 184926. |

Defendant's application for a continuance in said cause was in substance that the defendant could not go safely to trial for the want of the testimony of J. L. Doggett, who resides in Dallas County, Texas. That defendant had had no process issued to secure the attendance and testimony of said witness at this time, because he was not advised, nor could he know of the importance or materiality of the testimony of said witness in time to have secured the presence and attendance of said witness before this court at this time. Defendant, in said application, represented that the case was set for trial on the day preceding said application; that the said J. L. Doggett had been for more than a year collector of internal revenue of the United States for this district, at Dallas, Texas, and that Johnson County is situated in said district. That defendant was advised and believed that the sale of intoxicating liquors, with which he is charged, was made personally by this defendant, but that the State would undertake to show that the sale of intoxicating liquors was made to the witness Sturgess in the place of business of this defendant. That in this connection the theory and contention of the State would be that this defendant was pursuing at said date the business of a retail liquor dealer, and that in this connection the State would offer to show that some time in July, 1896, there was issued to the defendant, by the said J. L. Doggett, an internal revenue license as a retail liquor dealer, and that in this connection, with this proof, and based on the above facts, the State would undertake to claim that the defendant was pursuing the business of a retail liquor dealer in Johnson County, Texas, and that in pursuance of said business, and as a part thereof, the sale in question was made by some one other than the defendant, but with the defendant's knowledge and procurement. That defendant expected to prove, and could prove, by the said J. L. Doggett, that at or about the date of the alleged issuance of said internal revenue license, he went to the city of Dallas, and called on the said J. L. Doggett, in his official capacity, and represented and stated to the said Doggett that he was not intending to or was not engaged in the business of selling intoxicating liquors, but among other things, he

might desire to sell nonintoxicating beverages, and in this connection he was told and informed by the said J. L. Doggett, that if he intended or purposed selling any drinks that were made by or came from a brewery, whether they were intoxicating or not, that he would, under the law, be compelled, in order to avoid prosecution, to take out revenue license, and that acting upon the advice and information thus given, and believing same to be true, and for the protection of himself in what he intended should be a lawful business, that such revenue license was issued to him. That the testimony of said J. L. Doggett would rebut any presumption that might arise, from the possession of such license, that this defendant was engaged in the business of a retail liquor dealer, and would have the effect to negative any presumption which might otherwise arise from the possession of such revenue license, that this defendant was or had been engaged in the retail liquor business. The application further stated that the witness Doggett was not absent by the procurement of defendant. That the application was not made to delay the case, and that there was a reasonable expectation that the attendance of the witness Doggett could be procured at this court by a postponement of the trial to some other day of this term. After the court had overruled the above application the defendant presented his application for a postponement on July 20, 1897, which in substance is as follows:

The defendant moved the court to withdraw this cause from the jury or postpone the further hearing of same until 9 o'clock, on July 21, 1897, or to such other reasonable time as might be necessary and proper, for the following reasons: Defendant says that early on this morning he had issued in this case by the clerk of this court a subpoena for Oliver Lister and Ben Williams, residents of Johnson County, Texas; that the subpoena was immediately placed in the hands of the sheriff with the request to serve same as soon as practicable. That the reason that said process and subpoena was not earlier issued was due to the fact that defendant had been informed by the witness Sturgess that said Sturgess had never at any time bought from this defendant, or from anyone acting for him, at his place of business in Cleburne, Texas, any intoxicating liquor. That the only time that said Sturgess had ever obtained any intoxicating or other liquor at the place of the defendant was on a certain occasion, about March 5, 1897, in the presence of Jim Olds, and at a time when the said Jim Olds and the said Sturgess were treated by the defendant; and the defendant had no reason to believe that the said witness Sturgess would say or claim that this defendant had in person or otherwise sold to the said Sturgess any intoxicating liquor at all. That as soon as the defendant obtained any information of what the witness Sturgess would testify to, that he had purchased liquor from this defendant, that he immediately obtained process, as above set out, for the witnesses Lister and Williams. That in addition to the process for the said witnesses, the defendant, as soon as he received any information of the testimony of said Lister being important,

sent his boy with his buggy where said Lister was said to be working; and that he has been expecting, and now expects, said Lister, in compliance with the request of this defendant, and in compliance with the process of said court, to be in attendance on said court, and he is confident that said witness will be in attendance on said court by early in the morning. Defendant stated that he expected to prove, and could prove, that the witness Sturgess, to whom it is alleged he sold the liquor in question, stated to the defendant, shortly after this information was filed in this case, in substance, that he was surprised at any affidavit or charge having been filed against this defendant. That he had never at any time bought any intoxicating liquor from the defendant. That he did not know the defendant, and that the only time he ever secured any intoxicating liquor of any kind with which the defendant could have had any possible connection was on the occasion, about March 5, 1897, when Jim Olds was present, and when said witness and Jim Olds were treated by the defendant. Defendant further stated, that he expected to prove, and could prove, substantially the same facts by Oliver Lister and by the witness Ben Williams, and that the statements aforesaid made to the witness Ben Williams by the said Sturgess were made at or near the house or the residence of the witness Sturgess.

Defendant further represented, that at the time the case was called defendant filed an application for the postponement of the cause on account of the want of the testimony of J. L. Doggett. That he had on inquiry ascertained, or at least received information, that the witness Ben Williams was in town and in the hearing of the court, and that he had been fully served with said subpoena, and would remain in court, and would testify as a witness in this case. That he made this statement to his counsel, and that immediately before said application was presented it was stated to him, and in the presence of his counsel and by J. H. Friou, a citizen of this county, that said Williams was in town, and, as the defendant believed, present as a witness in the case. That, as he has since understood, this information was mistaken and incorrect, and is now informed by the sheriff that the said witness is not present, and his exact whereabouts unknown. That but for this mistake he would have put the facts in his original application so far as the witness is concerned. That in addition to the process to the said Williams he saw the said witness Williams in person, and was informed by said witness that he would be present and in attendance upon the court. Defendant would further show to the court that since this case has been called for trial, and as he is informed by his counsel, they had been served with a notice by the county attorney to produce his revenue license in court, or secondary evidence would be produced. That in view of this notice, and expecting that secondary evidence would be produced, in the event of the failure of this defendant, from a lack of opportunity or otherwise, to produce the internal revenue license, the county attorney would make the secondary proof substantially as is

38 Texas Crim. App.—40

stated in the notice. That in this aspect of the case the defendant says that the evidence of the witness J. L. Doggett will become material, both affecting the question of his guilt and the proper punishment which the jury might assess, in the event of his conviction. Wherefore defendant renewed his former application for postponement, on account of the absence of the witness J. L. Doggett. Defendant further stated to the court that he can not, nor can his counsel, properly examine the witness Sturgess without a conference of all the witnesses here named. Said application was sworn to by the defendant, and there was attached to the same the corroborating affidavit of W. F. Ramsey, to the effect that, before and during the time when the application for postponement was made in this case, he made inquiry of the defendant as to Ben Williams and Oliver Lister, witnesses in the case, something about the whereabouts of said witnesses, and that the witness Ben Williams was in town. That this statement was made to affiant by the said Henry Gerstenkorn and by one J. H. Friou, just about the time the application for postponement was presented, and that the application for postponement on account of the want of the testimony of the said Ben Williams was not included in the original application, for the reason that affiant thought that said Ben Williams was in town and would be present as a witness in the case.

The county attorney filed a controverting affidavit, in which he attacked the diligence used by the defendant to secure the testimony of the witnesses referred to in the application for a continuance.

The court overruled defendant's original and amended application for a continuance or postponement. The defendant excepted and presented his bills of exceptions.

*Ramsey & Brown,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $100 and sixty days confinement in the county jail, and appeals.

Appellant complains of the action of the court in overruling his motion for a continuance. The motion for a continuance was based on the absence of J. L. Doggett. No process had been issued for said witness, and it does not occur to us that the diligence used in regard to this witness was sufficient. Evidently appellant must have known beforehand that the State would use certain testimony coming from the office of said witness. This is made apparent by the controverting affidavits of the State. Besides this, we do not believe the testimony of said Doggett, if admissible, could be considered as material in this case. The sale of the liquor by appellant to the prosecutor, Sturgess, was proved by positive testimony, and that it was whisky, and this was not controverted by the appellant. As stated above, it is doubtful, had

Doggett been present, that the defendant would have been permitted to prove by him what is alleged in the application, to wit, that at the time he procured the internal revenue license from Doggett he told him he was not intending to engage in the business of selling intoxicating liquors, but he might desire to sell nonintoxicating beverages. This did not legally qualify the effect of the internal revenue license.

Appellant also made a motion to postpone the case while the trial was in progress. As to the witness Williams, it appears that appellant intended to have him present as a witness, and by his own neglect said witness was not in attendance. Said witness had been subpoenaed, and before appellant announced "ready" in the case, if he depended on the testimony of said witness, he should have known that he was in attendance. The fact that he had said witness subpoenaed in the case would suggest that said testimony was not newly discovered; but appellant, was already informed, both as to his testimony and that of the witness. Lester. The testimony of both of said witnesses is merely to impeach the witness Sturgess as to statements claimed to have been made by Sturgess to them, to the effect that shortly after the information was, filed in this case said Sturgess stated to them that he had never at any time bought any intoxicating liquor from the defendant. Ordinarily,. the postponement of a case or a continuance will not be granted for impeaching testimony. The testimony of Long in regard to the examined copy from the book of J. L. Doggett, internal revenue collector of the Fourth District, showing the procurement by appellant of a license as. a retail liquor dealer to pursue said occupation in Cleburne, from July, 1896, for one year, was properly admitted in evidence. See Gersteman v. State, 35 Texas Crim. Rep., 318. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]