## WILLARD HAYS v. THE STATE.

### No. 2911.   Decided October 12, 1904.

**Local Option—Evidence—Other Offenses—Moral Turpitude.**

Where the appellant was charged with selling intoxicating liquor in violation of the local option law, it was error to permit the State to ask and compel appellant to answer that he was under indictment in thirteen other cases for a like offense, as such testimony could not affect his credibility or show moral turpitude.

Appeal from the County Court of Panola.   Tried below before Hon. J. G. Woolworth.

Appeal from a conviction of violating the local option law prohibiting

the sale of intoxicating liquors; penalty, a fine of $40, and forty days' confinement in the county jail.

No statement required.

No brief for appellant on file.

*Howard Martin,* Assistant Attorney-General for the State. Appellant's objection to this action of the court was that this testimony was not admissible to affect his credibility, as these crimes did not carry with them moral turpitude. It seems that his contention is correct if the case of Marks v. State, 9 Texas Ct. Rep., 309, is followed. However, the State insists that this question be again examined by this court. The State submits that this testimony ought to be admissible for the purposes of impeachment. See Curtis v. State, Austin Term, 1904. It is true that this evidence, if proper objection had been made, should have been limited to the purpose for which it was admitted.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, his punishment being assessed at a fine of $40, and forty days confinement in the county jail.

The first bill of exceptions shows that after appellant had testified in his own behalf, on cross-examination the State was permitted to ask, and the court forced appellant to answer, that he was under indictment in thirteen other cases for violating the local option law. Appellant contends that this testimony was not admissible to affect his credibility, as these offenses do not carry with them. moral turpitude. Appellant's contention is correct, as held by the former decisions of this court. Marks v. State, 9 Texas Ct. Rep., 309. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*