## M. J. Sweeney v. The State.

### No. 3289.   Decided January 24, 1906.

**Local Option—Insufficiency of Evidence—Agency.**

On a trial for a violation of the local option law where the evidence failed to show affirmatively that the person making the sale of the whisky was acting for and with the consent of the defendant, or was in the employment of the defendant for such purpose, the conviction could not be sustained. Following Gerstenkorn v. State, 38 Texas Crim. Rep., 621; 44 S. W. Rep., 503.

Appeal from the County Court of Grayson.   Tried below before Hon. G. P. Webb.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Smith & Wall,* for appellant.—On question of agency and principals, and criminal liability: Gaiocchio v. State, 9 Texas Crim. App., 387.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law. The only question presented is the sufficiency of the evidence; and this shows that appellant owned a cold storage in which he kept whisky for others, and served to the owners this whisky when called for by them, and for which service he charged and received pay. He sold cigars, soda-pop, and non-intoxicating malt liquors in said cold storage. Johnson was an employee of appellant at the time the sale was made. Appellant was not present in the room where the sale was made, but was in the building. That there had been four or five sales made in this place within two months preceding this sale by the employees of Sweeney. This evidence fails to connect appellant with the transaction. In order to hold appellant guilty, there must be some evidence showing his connection with the sale. If Johnson, his employee, was authorized by appellant to sell liquor, this would make him guilty whether present or not; but this the State failed to show, at least there is no evidence in the record showing that fact. Houston v. State, 13 Texas Crim. App., 595; Caudle v. State, 74 S. W. Rep., 545. "The rule we think is this, if the dealer authorized the sale in any way directly or indirectly, or assented thereto or knowingly participated in the profits, he would be guilty." Gaiocchio v. State, 9 Texas Crim. App., 388. In Freedman's case, 37 Texas Crim. Rep., 115, appellant was charged with selling liquor to a minor, and it was disclosed that the sale was made by the agent. Appellant not being present, the court said, to make out the case the State must show that the defendant was consenting to the transaction, and that he had authorized the sale, or that he knew of the sale and ratified it by taking the money or something of that sort. In Gerstenkorn v. State, 38 Texas Crim. Rep., 621; 44 S. W. Rep. 503, a violation of the local option law, appellant was sought to be held by reason of the act of his agent, he (appellant) not being present. It was said that Gerstenkorn would be guilty as a principal if the sale was made by such person at the direction of or with the express or implied consent of the said Gerstenkorn. It was said further, "that it must affirmatively appear that in making the sale that the person making the same was acting for and with the consent of the defendant, or was in the employment of the defendant for such purpose." We think the rule laid down in the Gerstenkorn case is the correct one. Tested by these authorities, we do not believe the State's case is made out. Therefore, the judgment is reversed and the cause remanded.

*Reversed and remanded.*