### Wre Barnett v. The State.

#### No. 3755.  Decided January 16, 1907.

**1.—Burglary—Evidence—Other Crimes—Res Gestae.**

Where upon trial for burglary the State was permitted to show that the officer had taken from the codefendants of defendant certain stolen articles which had been taken during the commission of other burglaries, and were not identified as the property taken during the burglary for which the defendant was being tried, the same formed no part of the res gestæ and threw no light on any issue in the case, and such evidence was inadmissible.

**2.—Same—Burglar's Tools—Argument of Counsel.**

Upon trial for burglary it was not permissible for the county attorney to argue that a certain bunch of keys introduced with other articles in evidence were burglar's tools, there being no evidence that they were.

**3.—Same—Evidence—Other Offenses—Res Gestae—System.**

Upon trial for burglary it was error to permit the State to prove a confession made by defendant to the effect that he had taken the goods found upon his person, not out of the house alleged to have been burglarized, but out of the store of a party not alleged in the indictment. Proof of distinct crimes other than the one on trial is not admissible unless it is res gestæ, or serves to identify the defendant or to prove intent or system, although they may have been contemporaneous.

**4.—Same—Misconduct of Jury—Separation.**

Where upon trial for burglary it was not shown, in the record on appeal, that the jurors who separated from the main body to go to a water closet unattended, conversed with any one about the facts of the case, there was no reversible error. However, such practice is to be discouraged.

Appeal from the District Court of Collin. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case. See Herndon v. State, this volume.

*Doggett & Clinton, Abernathy & Abernathy,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of admitting stolen articles of other crimes: Morris v. State, 30 Texas Crim. App., 95; Leeper and Powell v. State, 29 Texas Crim. App., 63; Shelton v. State, 11 Texas Crim. App., 36; Wright v. State, 10 Texas Crim. App., 476. On question of contemporaneous offenses: Hennessy v. State, 23 Texas Crim. App., 340; Morgan v. State, 31 Texas Crim. Rep., 1; Mason v. State, 31 Texas Crim. Rep., 306; Nixon v. State, 31 Texas Crim. Rep., 205; Williamson v. State, 30 Texas Crim. App., 330; Davis v. State, 32 Texas Crim. Rep., 377.

BROOKS, JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

Bill of exceptions shows that T. M. Beverly, Sheriff of Collin County, testified for the State that he had arrested the defendant in company with Glenn Herndon, and after identifying three certain packages consisting of various articles taken from the said boys, thereupon the county attorney offered in evidence certain knives taken off the person of Glenn Herndon from said certain packages so taken off the person of said Herndon, to the introduction of which knives as evidence appellant objected: first, because said knives had not been identified by any one as having been taken or missed from the building alleged to have been burglarized; second, the taking of said knives from the said Herndon occurred after the consummation of said alleged crime and after the division of the alleged spoils, and the same was no part of the res gestæ, was after they were arrested, and before any caution had been given them by the officers, and was in so far as the defendant was concerned hearsay, prejudicial, immaterial, irrelevant, and throwing no light on any issue in this case. The court overruled all of said objections, and permitted the State to introduce before the jury several knives taken off of Glenn Herndon, and several knives taken off of Allen Wiley, who was arrested in company, at the same time, with appellant and Herndon, as evidence against the defendant herein. The bill presenting this matter contains the following explanation: "The witness Carpenter had testified that he had knives of that brand in stock, and he further testified that he could not say that he had missed anything from his store. The evidence in this record shows, and the indictment charges, that appellant was charged and tried for burglarizing a house belonging to the said prosecuting witness Carpenter. The witness Carpenter does not identify the

property, nor does he swear that any property was taken from his house. This being true this evidence was not admissible.

By another bill of exceptions the following facts are shown: The county attorney, in closing the argument for the State, held up before the jury the bunch of keys alleged to have been taken off of the defendant at the time of his arrest in the presence of the jury, counted said keys and there were twenty in number, and stated that they were burglar's tools, to which argument the defendant excepted, because the same was prejudicial to the defendant, and it was not shown that they were burglar's tools, and were not shown to be in any manner connected with this case, which objections were overruled by the court, and the bill presenting the matter contains the following qualifications: "At the time the exception was made counsel for defendant said to the court in an undertone that he objected to the speaker's line of argument, but said it in an undertone, so that the speaker did not hear him, but did not state to the court reasons for his objections, which reasons were never stated to the court till the 20th of September, long after adjournment, but within twenty days after adjournment. The court further states in modification of the bill that the bunch of keys were offered in evidence, among other things, by G. R. Smith, counsel for defendant, immediately after the county attorney had offered the three knives taken from defendant in evidence." It would not be permissible for the county attorney to argue that the keys introduced in evidence were burglar's tools unless there was some evidence introduced during the trial showing that they were burglar tools.

While Sheriff T. M. Beverly, was upon the stand, among other questions, he was asked if after the arrest of appellant he gave any warning to him in any manner; he replied that he told him whatever he told about this stuff could be used as evidence against him and not for him, and where he got it; that after being so warned he made a statement. He said he went into Carpenter's house through the window. "Q. Did he say which window? A. That back window back next to the alley. Q. What did he say he did, and what did he say the others did? A. He said he went in and the other boys stayed on the outside and watched in the alley. Q. Did he tell you where he got the different things you took off of him? A. Yes. Q. Where did he say he got them? (Pours them out on the floor), among which said articles was a large bunch of keys containing more than twenty keys of different sizes and patterns, where did he say he got that?" Appellant's counsel: "We insist that the inquiry be limited to Carpenter's house and any further inquiry would be improper and prejudicial." County attorney: "We propose to prove the whole statement that the boy made there, what he said." Appellant's counsel: "He is on trial for breaking into Carpenter's house, and we object to any statement with reference to any other transaction," which objection is overruled. Appellant's counsel objected on the

ground that it is prejudicial, hearsay and the opinion of the witness, and involves other transactions different from the one for which he is on trial. Whereupon, the sheriff testified that the defendant stated that he got it out of Massie & Dohoney's house. County attorney: "Where else?" Appellant's counsel: "Wait, he never said anywhere else." County attorney: "Did he state anywhere else that he got it?" "A. He said he did not get any of it out of this house of Carpenter's." Appellant's counsel: "We ask the court to exclude the evidence: he said he got the stuff out of Massie & Dohoney's house, because it is prejudicial and not in any way connected with this Carpenter's transaction." All of which objections were overruled by the court. In the case of Hill v. State, 44 Texas Crim. Rep., 603, we held that on a trial for burglary, it is not permissible to prove that on the same night, but at a different time and place, defendant and his confederate had burglarized another house. Furthermore, that proof of other distinct crimes than the one on trial is not admissible, unless it is res gestæ, or serves to identify defendant, or to prove system. In this case we have the court permitting the State to prove a confession made by appellant to the effect that he had taken the goods found upon his person, not out of the house of Carpenter, the prosecutor, but out of the store of Massie & Dohoney. If he burglarized their house, this testimony would be admissible in the prosecution for that crime, but would not be admissible in the prosecution for burglarizing the Carpenter store. Therefore, it was not proper for the court to permit this confession of appellant to be used against him in the prosecution of this case. We would not be understood as holding, however, that the keys that were found in his possession, to whatever extent they may indicate a burglarious purpose or intent or vocation, be used as an independent fact by the sheriff who took said keys off of the person of appellant. Certainly, if you cannot prove separate and independent burglaries having no connection one with the other in the trial of either of the burglary cases, it would equally follow that you could not prove a confession of the appellant to the burglarizing of various houses, and this would follow as well where the confession was made of having burglarized the other houses contemporaneously with the confession of the burglarizing of the house for which you were prosecuting this case. If he is guilty of burglarizing the Carpenter store, proof of that fact must be made by evidence criminating him in said particular act, and not by proof of facts that criminate him in some other similar act, but an entirely different one. There is nothing in the record before us that shows that these burglaries were contemporaneous or instantaneous. The record before us shows that the store of Massie & Dohoney was some distance away from the Carpenter store, and the sheer fact that both stores may have been burglarized the same night would not render testimony proving one burglary admissible in the trial of appellant for the other, unless there is some particular

system by which the burglaries were committed, or it was important to prove one burglary in order to show intent in the other. There is nothing in this record suggesting either theory upon which this testimony could be admitted. It follows, therefore, that the court erred in admitting this testimony.

Appellant complains, in his motion for a new trial, to various errors of the court's charge, and after a careful review of same we do not think any of the objections are well taken.

Appellant also complains that the jury separated while considering their verdict. The evidence presenting this matter is quite voluminous. The jury was placed in a room in the hotel to sleep. There is evidence showing that without going together each was permitted, during the night, unattended, to go to a water closet upon the same floor of the hotel. Various parties had access to this same closet. However, there is nothing in the record to show that either of the jurors conversed with any one about the facts of this case, or anything else. Contingencies of this sort, however, should not arise in the trial of a case. There should be absolute control and direction by the sheriff, of all the motions and movements of each member of the jury, who has said jury in charge, and every possible contingency that could question the fairness and impartiality of the jury should be avoided. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*