## FRED POTTS v. THE STATE.

### No. 4213.   Decided January 22, 1908.

**1.—Local Option—Indictment.**

Where upon trial of a violation of the local option law, the indictment was in the usual and approved form, there was no error.

**2.—Same—Plea to Jurisdiction—Constitutional Law—Bill of Exceptions.**

Where the bill of exceptions, upon an appeal from a conviction of a violation of the local option law, did not show how or in what manner the orders of the commissioners court fixing the terms of the county court were violative of either the Constitution or the statute, and the case was tried at a term of the court constitutionally fixed by the commissioners court, there was no error.

**3.—Same—Charge of Court—Weight of Evidence.**

Where upon trial of a violation of the local option law, the charge of the court was a proper and apt presentation of the law of the case, there was no error.

**4.—Same—Evidence—Res Gestae—Contemporaneous Statements.**

Upon trial of a violation of the local option law, there was no error in permitting the witness to make a detailed statement of all the facts and declarations of the parties at the time the whisky was purchased.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, $25 and twenty days confinement in the county jail.

The opinion states the case.

*Smith & Wall,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—Upon question of indictment, cited the cases mentioned in the opinion.

BROOKS, JUDGE.—This is a conviction for violating the local option law. The indictment in this case is in the usual and approved form. See Covington v. State, 52 Texas Crim. Rep.; 19 Texas Ct. Rep., 55; Stephens v. State, 97 S. W. Rep., 483; Goen v. State, 101 S. W. Rep., 232.

In his motion for a new trial appellant insists that the court erred in overruling defendant's plea to the jurisdiction of the court, and contends that the terms of court fixed by the commissioners court, was not in compliance with the Constitution, to wit: Article 5, section 29, and with the provisions of chapter 4, title 29 of the Revised Statutes. The Constitution and the statutes provide that the commissioners court shall fix the terms of the county court and that these terms shall not be changed until after the expiration of a year. An inspection of the orders of the commissioners court, as embodied in the bill of exceptions, shows that in 1904, the commissioners court of Grayson County fixed five terms of the court per year for that county, and that in May, 1907, they

added another term of court, which made six terms a year. The bill does not show how or in what manner these orders were violative of either the Constitution or the statute. This case was tried at a term of the court fixed by the commissioners court in 1904, and the term as fixed by the commissioners court of 1907, did not change said term. We find no merit in the complaint of appellant.

Appellant insists that the charge is upon the weight of the evidence. We have carefully read the same and do not believe there is any merit in appellant's contention. The charge of the court is a proper and apt presentation of the law of this case.

Nor do we think there was any error in permitting the witness to make a detailed statement of all the facts and declarations of the parties at the time the whisky was purchased, said acts and declarations being contemporaneous and part and parcel of the res gestæ of the transaction.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*