### PLEAS SHEPHERD v. THE STATE.

#### No. 3452.  Decided March 3, 1915.

**1.—Local Option—Continuance—Practice on Appeal.**

Where the judgment was reversed and the cause remanded on other grounds, it is unnecessary to consider the overruling of defendant's motion for continuance.

**2.—Same—Charge of Court—Agency.**

Where, upon trial of a violation of the local option law, the evidence raised the question of agency and the court refused special instructions thereon, the same was reversible error.

**3.—Same—Evidence—Other Offenses.**

Where, upon trial of a violation of the local option law, the defendant over his objection was required to testify that he had been previously indicted for a violation of the local option law, the same was reversible error.  Following Hays v. State, 47 Texas Crim. Rep., 149, and other cases.

Appeal from the County Court of San Augustine.  Tried below before Hon. Wm. McDonald, Special Judge.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at twenty days imprisonment in the county jail and a fine of $25.

Three questions are presented: first, overruling the application for a continuance, which is deemed unnecessary to be considered in the light of a reversal upon two other questions.  The absent testimony can be secured upon another trial; second, the question of agency, which was raised by the testimony, and which was not charged by the court and the special instructions refused.  This was error under all the authorities.  Third, defendant, over objection, was required to testify that he had been previously indicted for violation of the local option law.  Objections were urged, and this matter is presented for reversal.  This was error.  See Branch's Crim. Law, sec. 566, for collation of authorities.  Some of these it may be well enough to cite: Tyrell v. State, 38 S. W. Rep., 1011; Stewart v. State, 38 S. W. Rep., 1144; Lee ·v. State, 45 Texas Crim. Rep., 94; Jennings v. State, 55 Texas Crim.

Rep., 147; Marks v. State, 78 S. W. Rep., 512; Hays v. State, 47 Texas Crim. Rep., 149.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*