### DAVE WILLIAMS V. THE STATE.

#### No. 4633.   Decided October 31, 1917.

**1.—Theft of Cattle—Other Transactions—Evidence.**

Upon trial of theft of cattle, testimony that defendant violated the law by giving intoxicating liquor to a minor, which was without relevancy to the issue involved, not res gestae or pertinent under any rule of evidence, was inadmissible. Following Currington v. State, 72 Texas Crim. Rep., 143, and other cases.

**2.—Same—Argument of Counsel—Rule Stated.**

The law contemplates that the rights of an accused in a criminal case will be determined from the evidence uninfluenced by outside considerations, and argument of counsel of this character should be avoided.

Appeal from the District Court of Foard. Tried below before the Hon. J. A. Nabers.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction was for the theft of cattle. The evidence is sufficient to sustain the conviction, and the charge of the court fairly presents the issues.

There was evidence in the case with reference to a conversation which took place at or near the residence of the father of appellant. In this conversation appellant and several others took part. One of the parties present was a boy twelve years of age. It appeared incidental to

the conversation that at the time thereof there was some whisky drunk. The drinking was not involved further than that the conversation took place at the time when the appellant and others met and at which they were drinking whisky. The boy, Buster Boardman, was put on the stand by appellant to give his version of the conversation and testified on that question. The State, on cross-examination of this witness, proved by him, over appellant's objection, that appellant gave him alcohol to drink. There was no suggestion that anybody was drunk on the occasion or that the use of the alcohol or whisky by any of the parties affected their testimony, but it was brought into the case merely as identifying the occasion of the conversation. Other witnesses testified to the conversation and there was no doubt but what the boy, Buster Boardman, was there and heard it. The proof that appellant offended the law by giving intoxicating liquor to minors was proved by the State as an independent fact and was without relevancy to the issues involved, was not res gestae, nor pertinent under any rule of evidence; it was illegal evidence calculated to prejudice the appellant, and, in our opinion should operate to reverse the judgment. The rules with reference to the circumstances under which other offenses are admissible are well defined in our law (Vernon's C. C. P., p. 617 to p. 624), and where proof of such other offenses is not embraced within some of the exceptions to the rule excluding it, but is introduced as an independent and disconnected fact, it is generally regarded as substantial error (Currington v. State, 72 Texas Crim. Rep., 143; Ware v. State, 36 Texas Crim. Rep., 597; Bowman v. State, 70 Texas Crim. Rep., 22; Barnett v. State, 50 Texas Crim. Rep., 538, and other cases listed under art. 783, Vernon's C. C. P., p. 671, note 51), and in the application of this rule it has frequently been held that proof of offenses such as that involved in the admission of the evidence referred to was erroneous. Freedman v. State, 37 Texas Crim. Rep., 115; Shepherd v. State, 76 Texas Crim. Rep., 307, 174 S. W. Rep., 609; Haney v. State, 57 Texas Crim. Rep., 158.

The prosecuting attorney in argument of the case insisted that appellant's plea for a suspended sentence should not be sustained because "it would encourage other young men who witnessed the trial to commit crime." The law contemplates that the rights of an accused in a criminal case will be determined from the evidence and not influenced by outside considerations. Branch's Ann. P. C., p. 206, secs. 367 and 368, and cases cited. While the argument mentioned would probably not demand reversal of the case, it would make it fall within the class to be avoided.

Because of the error pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*