### M. SWALM v. THE STATE.

No. 3553.    Decided January 31, 1906.

**Local Option—Other Crimes.**

On a trial for a violation of the local option law where the evidence did not show whether the purchase was made from the defendant in person; where there was no connection shown between the transactions for which defendant was being tried and those testified to by the State's witness, and which were at different times and places, nor whether the liquor sold at the time alleged was of the same character as that to which the witness testified, there was error in admitting testimony of this character.

Appeal from the County Court of Grayson. Tried below before Hon. G. P. Webb.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*W. J. Mathis,* for appellant.—On question of other sales: Parker v. State, 75 S. W. Rep., 30; Belt v. State, 78 id., 933.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local option law. Graham testified that on two occasions, during the summer or fall of 1904, he bought from appellant some wine or cider. That on each occasion he bought a quart; that it did not make him wholly drunk, but partially so, and in his opinion the wine or cider was intoxicating; that when he bought the two quarts appellant told him it was cider. He drank a quart in going from appellant's residence to his own, which was a mile and a half. He uses this language: "I was pretty well organized as the result of drinking this quart of cider or wine." He does not explain what he means by being "pretty well organized." Appellant denies the entire transaction, and shows by witness Turley that Graham told him he had never bought any wine or cider from defendant in person, but had bought same from different members of the family, and that the stuff was not in any way intoxicating. They also impeached his general reputation as being bad for veracity. The witness Hollingsworth was placed on the

stand, and stated that he had known appellant for several years, and that on one occasion during the year 1904, he got some wine and cider at appellant's place, drank about a quart of the stuff, and he states that it made him pretty limber. It was intoxicating. This witness then tasted a bottle on exhibition, and said that "the stuff I got was not like this; it was a great deal stronger." This witness was also a prosecuting witness in another local option case against appellant. Objection was urged to this testimony on account of its irrelevancy and immateriality, and because it was an attempt to prove another transaction or sale at a different time and place, and to a different person; and because it was in the nature of a comparison as showing that the goods alleged to have been purchased were intoxicating. These objections were overruled. There is no connection shown between these transactions. It is not even undertaken to be shown by this witness that the instance he mentioned was a purchase from defendant in person; that he got it from some of the members of the appellant's family. If Graham told the truth, he bought an intoxicant, and it was not necessary for him to introduce prior sales to show anything connected with this case. This was not testimony, as we understand it, from any standpoint, against defendant. The other objection, that the substance contained in the bottle tasted by this witness as being inadmissible, was also well taken. It furnished no standard of comparison; is not shown to be the same character of liquid. This portion of the bill of exceptions is brought strictly within the rule laid down in Parker's case, 75 S. W. Rep., 30. The matter· was there sufficiently reviewed and it is not necessary to go into it here. In regard to both phases of the bill of exceptions, we refer to Belt v. State, 78 S. W. Rep., 933, and Parker's case, supra. The judgment is reversed and the cause remanded.

*Reversed and remanded.*