## B. F. HOLLOWAY v. THE STATE.

### No. 3792. Decided June 24, 1908.

**1.—Local Option—Indictment.**

Where in a prosecution of a violation of the local option law the indictment followed approved precedent, there was no error.

**2.—Same—Charge of Court—Other Transactions.**

Where upon trial of a violation of the local option law there was evidence of other transactions by defendant with persons other than prosecutor, it was reversible error to instruct the jury that if thereby defendant was engaged in a system of business for the purpose of evading the local option law to convict him. A party cannot be convicted of an offense not charged in the indictment.

**3.—Same—Evidence—Other Offenses.**

Upon trial of a violation of the local option law alleged to have occurred in August, it was error to admit testimony of a sale in December thereafter to another party.

Appeal from the County Court of Jones. Tried below before the Hon. Jas. P. Stinson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment is attacked as being insufficient to charge a violation of the local option law, but this we deem unnecessary to discuss, as the same form of indictment has been upheld repeatedly during the last few months.

R. F. Honea is alleged to be the purchaser, and his testimony discloses that in the town of Stamford, on August 28, 1906, that he was the agent of the Texas Central Railroad Company, and that at the time of testifying he was agent of the Wichita Valley Railroad Company. That on or about the day mentioned he gave appellant a written order for a cask of beer, addressed to August A. Busch & Company, Waco, Texas. Some days subsequently he received a cask of beer at Stamford, which came over the Texas Central Railroad Company, and for which he, some days afterward, paid appellant $11.50. The order reads as follows:

"Stamford, Texas, 8/24/1906.

August A. Busch & Co., .
          Waco, Texas.
    Please send as follows by freight, care of B. F. Holloway, one
........Cask (10 doz.;)....................................
:.......Case (4 doz.;).....................................
........Box (2 doz.;)......................................
........Half Barrel .......................................
........Keg ...............................................
(Be sure to always retain a car-
bon copy of order for your file.)          R. F. Honea."

This order was signed at the time he ordered the beer, and prior to
its shipment. It came in a car with other beer, and had a tag on it
bearing the purchaser's name. The other casks of beer had tags on
them indicating to whom they belonged. The witness hired and paid
Williams, a drayman, to haul the beer from the depot to his residence.
A carload of beer was shipped from St. Louis. The bill of lading,
however, showed that it stopped at Waco. "This beer was billed, I
think, to the Stamford Social Club, in care of B. F. Holloway. The
beer came freight prepaid. Mr. Holloway and I checked up this beer
when it came to see if it was all there." This witness was not a mem-
ber of the Stamford Social Club, and did not know whether there was
such a club. Williams testified that he hauled the beer for the witness
Honea, and for which Honea paid him, and that at the time he received
the beer from the car there was no one there; that this particular cask
had Honea's name on it, and that all the other casks in the car were
tagged to the parties to whom the casks belonged. Brewington testified
that on the 19th of July he gave appellant an order, along with some
others, for beer, which was in writing. These orders were for casks
of beer. Williams hauled the beer for Brewington, and for which
Brewington paid him. Appellant himself testified that he took the
order from Honea for the cask of beer at the date mentioned; that the
order was addressed to August A. Busch & Company, Waco, and he
supposed the order was sent in to Busch & Company on the day it was
given, and after this order was signed and mailed, he had nothing
further to do with it. In this particular shipment appellant says his
recollection is there were ten or twelve casks for the Stamford Social
Club, of which he was president. That this club was organized
at his restaurant, consisting of seven or eight persons. This beer was
consigned to appellant, but each cask had the name of the owner at-
tached or tagged to it. These blank orders were kept at his restaurant,
and parties desiring to order beer from Busch & Company could come
in and fill out one. That he received no profit from the order he took
from Honea, and expected no profit; had no authority from Busch &
Company to sell beer, nor did they pay him anything for taking this
order. The order was taken, however, subject to the approval of Busch

& Company. They had the right to reject or accept as they saw proper. That he had nothing further to do with the order after it was sent in, and that the order was taken simply as an accommodation for the witness Honea. While he was running his restaurant he bought empty bottles, paying $1.50 per cask for empty bottles, and sold same for $2.50 per cask. Honea being recalled, testified that the freight on one cask of beer is more than it would be where it was shipped in carload lots. The freight on one cask from St. Louis to Stamford would be $1.04 per hundred, and only 48 cents on the hundred where it is shipped in carload lots. "It cannot be shipped by the carload, however, unless it is consigned to one person or corporation; that is, it must be shipped this way in order to get carload rates. A cask of beer weighs 250 pounds. The freight on one single cask from St. Louis would be $2.60, while by the carload it would only be $1.20." Milstead testified he was acquainted with appellant; that during the month of December, 1906, he was in defendant's restaurant and bought a bottle of beer from him, for which he paid 25 cents. This is, in substance, the testimony.

The court charged the jury, among other things, as follows: "Evidence of transactions by defendant, B. F. Holloway, with parties other than R. F. Honea has been admitted in evidence before you for the purpose of showing the character or system of business conducted by the defendant and may be considered by you as circumstances in connection with other evidence in this case and if you should find from evidence of other transactions such as are involved in this case with R. F. Honea that defendant herein was engaged in a system of business for the purpose of evading the local option law, then in such event you should convict the defendant." Exception was reserved to this charge. As we understand, this charge authorizes the conviction of appellant not for the sale as charged in the indictment, but for the fact that he may have been engaged in shipping beer in other transactions than that involved in the allegations of the indictment. It is a fundamental proposition that a party must be tried under the allegation of the indictment, and if the evidence does not bring his supposed violation within the terms of such indictment, a conviction cannot be sustained, and any charge that would authorize a conviction outside the indictment would be necessarily erroneous. This charge authorizes a conviction of appellant if the jury should believe he was engaged in other transactions such as are involved in the case of Honea that showed he was engaged in this system of business for the purpose of evading the local option law. Whatever business he might have been engaged in; how much he may have been seeking to evade the local option law, it is immaterial under this indictment, unless the evidence shows he made a sale to Honea in violation of said law. This charge authorizes a conviction for matters not alleged in the indictment, and which would not constitute a sale.

Appellant reserved an exception to the introduction of the testimony

of Milstead to the effect that he bought a bottle of beer from appellant in December, 1906. Various grounds of objection are urged in the bill. Without taking them up seriatim or undertaking to go over the question at length, we hold this error. How a bottle of beer sold by appellant to Milstead in December could effect a transaction between Honea and appellant in the previous August, under any exception to the rule which prohibits the introduction of extraneous offenses, is not perceivable. It is certainly not a part of the res gestæ; it certainly was not intended to show that appellant made a sale to Honea in the previous August; it certainly did not operate to show any intent, and it was clearly not a part of any system connected, with the previous sale months before.

For the reasons indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*