## P. B. Campbell v. The State.

### No. 4381. Decided February 10, 1909.

**Local Option—Other Offense—Sale.**

Upon trial of a violation of the local option law, it was reversible error to admit testimony of another transaction involving the sale of intoxicating liquors occurring at a different time and made to a different person than that alleged in the indictment on which defendant was on trial; no connection or system being shown. Following Curtis v. State, 52 Texas Crim. Rep., 607, and other cases.

Appeal from the County Court of Hill. Tried below before the Hon. N. J. Smith.

Appeal from a conviction of violating the local option law; penalty a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Collins & Cummings,* for appellant.—On question of other offenses: Belt v. State, 47 Texas Crim. Rep., 82, 78 S. W. Rep., 933; Freedman v. State, 37 Texas Crim. Rep., 115, 38 S. W. Rep., 993; Smith v. State, 24 S. W. Rep., 27, and cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Hill County, Texas, for a violation of the local option law.

In his appeal to this court, appellant raises many questions. The sale in question was alleged to have been made by appellant to one E. E. Britton. The sale, or any sale or transaction with Britton was distinctly denied by appellant, and it was as distinctly denied that he sold to Britton any liquors that were intoxicating. While appellant was on the witness stand in his own behalf he was asked on cross-examination if it was not a fact that he sold one T. A. Aston the next day after the alleged sale to the prosecuting witness Britton a liquid composed of cider and whisky mixed, and filled it from behind the counter and set it up. Over objections of appellant he was compelled to answer and did answer to the effect, in substance, that he did not sell anything to Aston. This question and the answer sought to be adduced thereby, was objected to for the reason that it was an inquiry as to a different sale at a different time and to a different party than the one charged in the information, involved another and distinct transaction, and was irrelevant, immaterial, and highly prejudicial, and that it was an effort on the part of the State

to lay a predicate for the purpose of introducing impeaching testimony upon an irrelevant, immaterial and prejudicial issue. In connection with this matter, it appears that in rebuttal the State placed the witness, T. A. Aston, on the stand and asked him if he went into the appellant's place of business on the 23d day of November and bought intoxicating liquors from the defendant. This question and the answer sought to be elicited thereby were at the time objected to on the ground that the same were irrelevant, immaterial and could throw no light on the transaction between the appellant and the witness E. E. Britton on the preceding day and that the same was an effort to prove separate, distinct and extraneous crimes, and was an effort to impeach the defendant upon an immaterial, irrelevant and collateral issue. These objections were by the court overruled, and the witness Aston was permitted to answer and did answer that on the 23d day of November, 1907, the same being the day after the alleged sale to the witness E. E. Britton, he did go into the place of business of defendant and did buy from him intoxicating liquors. This was error. It is well settled in this State that it is error to admit testimony of another transaction involving the sale of intoxicating liquors occurring at a different time and made to a different person than that alleged in the indictment on which the defendant is on trial. There was no connection shown between the sale to Britton and the sale to Aston. There was no question involving the matter of system, but if the facts are to be believed in both cases, they were independent sales of whisky having no relation to each other. We have uniformly held that proof of such sales can not be admitted. Curtis v. State, 52 Texas Crim. Rep., 607; Swalm v. State, 49 Texas Crim. Rep., 241; Walker v. State, 44 Texas Crim. Rep., 546; Johnson v. State, 42 Texas Crim. Rep., 618.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*