GABE JOHNSON v. THE STATE.

No. 4351. Decided February 7, 1917.

**1.—Pursuing Occupation—Intoxicating Liquors—Agency.**

Where, upon trial of engaging in the occupation of selling intoxicating liquors in prohibition territory, defendant denied making any sale, the court correctly refused to submit the question of agency for the purchaser.

**2.—Same—Impeaching Witness—Other Transactions.**

Where, upon trial of engaging in the business of selling intoxicating liquors in local option territory, defendant after laying the proper predicate introduced a witness who testified that on the next day after defendant was arrested for this offense he had a conversation with said State's witness who stated that he never bought any whisky from defendant in his life, etc., it was not permissible, on cross-examination by the State, to show by said witness, that he worked in the barber shop of another who kept and sold whisky in his shop, said party being also indicted for a similar offense.

**3.—Same—Evidence—Cross-examination.**

Where defendant was on trial of engaging in the business of selling intoxicating liquors in local option territory, and impeaching testimony was introduced by the defendant, there was no error, on cross-examination, to show that said witness drank a great deal of whisky, but it was not permissible to show by said witness as to where he got the whisky, and asking him if he were not a bootlegger, etc.

**4.—Same—Evidence—Moral Turpitude—Misdemeanor.**

While it can be shown that a witness is legally prosecuted or convicted of a felony or a misdemeanor imputing moral turpitude when not too remote, yet

he can not be made to testify that he was prosecuted or convicted of a misdemeanor not involving moral turpitude, and it was reversible error to have him testify that he had been formerly convicted in a misdemeanor case for the illegal sale of intoxicating liquors.

Appeal from the District Court of Smith. Tried below before the Hon. R. M. Smith.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquor in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*N. A. Gentry, W. H. Hanson,* and *Calhoun & Gentry,* for appellant.—On question of impeachment of witness: Hudson v. State, 41 Texas Crim. Rep., 453; Reed v. State, 42 Texas Crim. Rep., 572; Arnold v. State, 28 Texas Crim. App., 480; Niell v. State, 49 Texas Crim. Rep., 219.

On question of moral turpitude: Tyrell v. State, 38 S. W. Rep., 1011; Stewart v. State, 37 Texas Crim. Rep., 135; Lee v. State, 45 Texas Crim. Rep., 51; Marks v. State, 9 Texas Ct. Rep., 309, 78 S. W. Rep., 512; Hays v. State, 47 Texas Crim. Rep., 149; Merriwether v. State, 55 Texas Crim. Rep. 438; Jennings v. State, 55 Texas Crim. Rep., 147; Hightower v. State, 73 Texas Crim. Rep., 258; Shepherd v. State, 76 Texas Crim. Rep., 307; Clay v. State, 65 Texas Crim. Rep., 402.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted for engaging in the business of selling intoxicating liquor in Smith County while the law prohibiting the sale of such liquor was in force.

The indictment alleged two separate and distinct sales by appellant, one to Will Lacey on or about June 1, 1916, the other to Dock Lacey on or about June 3, 1916. These two witnesses testified positively to a sale of whisky to them respectively by appellant about the dates alleged in the indictment. Their testimony, together with appellant's, excluded the idea that appellant was acting as their agent in the purchase by him from some other of the liquor. Appellant himself testified and swore positively that he had made no sales to either of said parties, and also that he had at no time delivered to them any whisky at all. Hence, the court correctly refused to submit any question of appellant being the agent of said Laceys in procuring from another for, and delivery to, them of the whisky.

The record shows that at or about the same time this prosecution was begun against appellant prosecutions of the same character were also begun against some six or eight other persons, these two State's witnesses being the witnesses against all of said accused persons. It, therefore, was not only to the interest of appellant, but of all these

other accused persons as well, thát he should successfully impeach said two witnesses and break them down in their testimony. For this purpose, after laying the proper predicate, appellant introduced John Walton, who testified that on the next day after appellant was arrested charged with this offense he had a conversation with Will Lacey fixing the place, and that Will Lacey then told him that he never bought any whisky from appellant in his life, and did not know two certain other persons. On cross-examination the State, over appellant's objections, proved by him he was a barber, that he worked in the same shop with Will Coats, and that Coats was under indictment in the District Court at the time charged with bootlegging. He was further asked if said Coats did not keep whisky in the shop, and sell it therein, and he answered that he did not know. Under the circumstances of this case, we think it was permissible to show by this witness that he was a barber, worked in the same shop with Coats and that he knew that Coats was under such indictment as described, but the State should not have been permitted to have gone into the question of whether or not Coats kept and sold whisky in the shop. The part of this testimony which we think was permissible would tend to show the witness' interest against the State's witness Will Lacey, and his bias in favor of appellant, especially in view of his further testimony that he was interested in said Lacey boys and wanted to know if they were instrumental in prosecuting appellant, and that he had been talking and taking a great deal of interest in the case. In view of this witness denying all knowledge of whether or not Coats kept and sold whisky from his shop, no material injury was shown to appellant, but such question should not be permitted on another trial.

By another bill it is shown that the appellant introduced another witness, Van Boyd, whose testimony was in contradiction and impeachment of both of said State's witnesses, after laying the proper predicates. Thereupon the State, on cross-examination of Van Boyd, over appellant's objections, was permitted to prove by him that he drank whisky—a great deal of it—the witness swearing that he drank more than a quart every two or three days. We think this much was permissible on cross-examination of this witness. Green v. State, 53 Texas Crim. Rep., 490; Lewis v. State, 33 Texas Crim. Rep., 618; State v. Greer, 41 A. R., 296; 5 Jones on Ev., secs. 828, p. 147, 902, p. 415 and 532-533, note 57. But we think the balance of the State's cross-examination of this witness as to where he got the whisky he drank and other liquor which he testified to getting, and asking him if he was a bootlegger himself was going too far and not proper legitimate cross-examination. Such questions should be excluded on another trial.

It has always been held by this court, and is the law, that the accused when he testifies, or any other witness, may be impeached by proving by such witness that he has been indicted, legally prosecuted or convicted of a felony or a misdemeanor imputing moral turpitude when such prosecution or conviction is not too remote, but it has likewise

been decided by this court, and is the law, that no witness can be made to testify he has been indicted, nor legally prosecuted, nor convicted of a mere misdemeanor not involving moral turpitude to impeach him. These propositions are so well established that it is unnecessary to cite the cases. See 1 Branch's Ann. P. C., sec. 167, where some of them are collated. It has also all the time been held that when an accused is prosecuted for an illegal sale of intoxicating liquor in prohibition territory, neither by him nor any other witness over his objections can the State be permitted to have him or the other witness testify that he has previously been convicted of a misdemeanor by making such sale. The law is otherwise when the conviction is for a felony in making such sale. Therefore, appellant's bill showing that the State was permitted over his objections to have him testify that he had formerly been convicted in a misdemeanor case for making an illegal sale of intoxicating liquors in prohibition territory presents error.

For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*