### MARK AMTHOR v. THE STATE.

No. 8051. Decided November 12, 1924.

No motion for rehearing filed.

**1.—Sale of Intoxicating Liquor—Statement of Facts—Filing of.**

Where appellant uses due diligence to file his statement of facts and bills of exception within time, and through no fault of his, they were not filed until one day after the time allowed for filing, they will be considered.

**2.—Same—Evidence—of Other Offenses—Not Admissible.**

Testimony of other sales, and of one sale by appellant's wife were admitted over appellant's objections. Evidence of other offenses is excluded by the rules of evidence, unless it comes within some will defined exception to the rule, and the testimony of other offenses in this case should have been excluded. See Burton v̇ State, 247 S. W. Rep., 869 and Ross v. State, 245 S. W. Rep., 680.

**3.—Same—Charge of Court—Harmful Remarks—Before Jury.**

While on the witness stand for the State the sheriff identified letters from the district and county attorneys of Bell County as to good reputation of Lewis, the main State's witness. The court sustained the objection of appellant to the introduction of these letters, and should have complied with appellant's request to the jury to not consider remarks of state's attorney, in regard to them.

**4.—Same—Evidence—General Reputation.**

The sheriff of Mills County was permitted to testify that the general reputation of witness Lewis for truth and veracity in Mills County was good. This witness did not qualify, as knowing witness' general reputation, and his testimony should have been excluded. The witness Booker should have been permitted to testify as to the general reputation of Lewis in Bell County, as he properly qualified. Testimony of general reputation should not be received unless the witness qualifies himself.

Appeal from the District Court of Mills County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction of selling intoxicating liquor; penalty, two years in the penitentiary.

*Waters & Baker, Mitch Johnson,* and *Williams & Williams,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Selling intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

The statement of facts and bills of exception were prepared and placed in the hands of the District Judge within the time allowed for their preparation. The judge was in a distant county and was requested to approve and mail the documents. He approved them but retained them until the last day under the extension of time, when he delivered them in person to the appellant's attorneys. This occurred late in the evening and diligent but vain search was made for the District Clerk, whose office was closed, and for his deputy, in order that the papers might be filed. For the reasons stated, they were not filed until the following morning. The facts touching the diligence were uncontroverted, and are deemed sufficient to authorize the consideration of the statement of facts and bills of exception.

The State relied upon the testimony of Rex Lewis, a stranger in the community employed by the sheriff to secure evidence against violators of the law prohibiting the traffic of intoxicating liquors. He was named as the purchaser, and the date of the transaction was laid on April 12, 1923. He testified specifically to having purchased a pint of whisky from the appellant upon that date, and produced a bottle containing it which he identified and which he had, according to his testimony, labeled at the time of his purchase. The price paid for the whisky was two dollars. In his direct examination he testified to three other similar transactions. In one of these he testified that he saw the appellant sell to Jack Murray, a negro, a quart of whisky. In another, he testified that the witness bought from the appellant a quart of whisky for which he paid four dollars. On each of these occasions he testified to having seen in the possession of the appellant a jug of whisky. On another occasion he testified that he purchased from the appellant's wife, in the absence of the appellant, a bottle of whisky for which he paid her.

The propriety of receiving in evidence proof of the other sales mentioned, particularly that to the negro Murray and the purchase by Lewis from the appellant's wife, is not discerned. Evidence of other offenses is excluded by the rules of evidence unless it comes within some of the well-defined exceptions to the rule. In the present case, we have not perceived or been referred to any phase of the case or incident of the trial which would bring into operation any of the exceptions to the rule mentioned. An extended citation of authorities would seem superfluous. However, we refer to the cases of Burton v. State, 247 S. W. Rep., 869, and Ross v. State, 245 S. W. Rep., 680.

The penalty assessed is double the minimum, and for that reason, as well as others revealed by the record, the transgression of the rule

of evidence in the particular mentioned cannot be regarded as harmless. Both the appellant and his wife testified denying the truth of the testimony of the witness Lewis to the effect that the sales had been made. On cross-examination, it was shown that Lewis was under indictment for theft in both Bell and McLennan Counties. This was developed in the cross-examination of the sheriff of Bell County who gave testimony in support of the good reputation of the witness Lewis for truth and veracity. While on the witness-stand, the sheriff also identified a letter from the District Attorney and also one from the County Attorney of Bell County, which letters were offered in evidence with the statement by the attorney for the State, in substance, that they were letters of recommendation from the County and District Attorneys of Bell County. The objection to the introduction of the letters was sustained and correctly so, as they are obviously inadmissible. The court should also have complied with the appellant's request to instruct the jury that the remarks of the State's attorney as to contents should not be considered.

The witness Carnes, Sheriff of Mills County, supported the general reputation of the witness Lewis for truth and veracity in Mills County. He admitted on cross-examination, however, that he knew nothing of his reputation but that his testimony was based entirely upon his own transactions with and knowledge of the witness.

The witness Booker, called by the appellant, discredited the general reputation of the witness Lewis for truth and veracity in Bell County, which was his home, and testified in substance that he had not a personal acquaintance with Lewis, but knew him by sight and had so known him for a long time; that he was well able to identify the person who testified as the one that he had in mind, and that he knew that his general reputation in Bell County for truth and veracity was bad.

Appellant's attorney moved the court to exclude the opinion testimony of the witness Carnes for the reason that his cross-examination developed an absence of knowledge upon the subject. This request was denied. In our opinion, it should have been granted. The witness knew nothing of the general reputation of Lewis. The court excluded the testimony of Booker upon the theory that there was some doubt as to the identity of the person to whom he referred. In excluding it, we think the learned trial judge fell into error. The identity of the witness who testified with the person to whom he referred seems to have been sufficiently established. It is manifest that the evidence was such that the identity should have been left to the jury.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*