## Dock Elliott v. The State.

### No. 7744.   Delivered November 11, 1925.

**1.—Sale of Intoxicating Liquor—Evidence—Of Other Offense—Improperly Admitted.**

Where, on trial for the sale of intoxicating liquor, having introduced evidence of the sale, the State was permitted to prove another sale made by the appellant, to the same purchasers on the same day. This was error, as the appellant introduced no testimony nor was the cross-examination of the State's witnesses such as to render admissible proof of another offense.   Following Ross v. State, 93 Tex. Crim. Rep. 62 and other cases cited.

**2.—Same—Indictment—Allegation and Proof—Variance Fatal.**

Where an indictment charged a sale of intoxicating liquor to witness Whit Berry, by the appellant, and the proof upon the trial showed that appellant and one Madison made the sale of a quart of whiskey jointly by them to Berry and one Warren, jointly as purchasers.   The variance between the allegation and proof is fatal.   Following Asher v. State, No. 7688, reported in this volume p. 162.

Appeal from the District Court of Eastland County.   Tried below before the Hon. E. A. Hill, Judge.

Appeal from a conviction of the sale of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*J. Lee Cearly,* and *Dabney & Calloway,* for appellant.

*R. G. Story,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The indictment consisted of only one count and named Whit Berry as the purchaser.   We learn from the testimony of Berry that appellant and one Madison were acting together.   In conversation with Madison, arrangements were made by Berry and Homer Warren to purchase a quart of whiskey, which was to be placed in an automobile.   This occurred in the forenoon of the day, and soon thereafter, appellant and Madison came to Berry and Warren, and appellant said: "The whiskey is in the car * * * the price is fifteen dollars."   That sum was then paid to appellant by Berry and Warren, each paying one-half of the amount.   Berry and Warren then went to the automobile

designated, and there found and took possession of a quart of whiskey.

In the evening of the same day they had a transaction of the same kind and under similar circumstances. Both Warren and Berry testified that both of the transactions were joint, that the purchase was joint, and that they acted together in the transactions, at least to the extent of paying for the whiskey. There is no substantial difference between the testimony of Warren and Berry. We fail to perceive any reason for receiving evidence of both transactions. Appellant introduced no testimony; nor was the cross-examination of the State's witnesses such as to render admissible proof of another offense. See Ross v. State, 93 Texas Crim. Rep. 62; Burton v. State, 247 S. W. Rep. 869; Amthor v. State, 265 S. W. Rep. 896.

By objection to the evidence, appellant complains of the receipt of testimony showing a joint sale to Berry and Warren upon the ground of variance, it being contended that proof of such joint sale did not support the averment in the indictment. The same matter was presented by way of a special charge which the court refused to give to the jury. Upon that question, appellant cites Sessions v. State, 98 S. W. Rep. 243; Price v. State, 202 S. W. Rep. 948, and other cases. The subject has been discussed in the recent case of Asher v. State, No. 7688, not yet reported, the majority of the court (Judge Lattimore dissenting) holding that under similar facts and citation of authorities the evidence constituted a variance. On the authority of the cases cited, we are of the opinion that there was error committed. The receipt of other offenses cannot be regarded as harmless for the reason that the penalty was much more than the minimum.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*