## CHARLIE COLLIER v. THE STATE.

No. 11920. Delivered October 31, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

O. M. *Lord* of Beaumont, for appellant.

A. A. *Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, burglary; penalty, two years.

Appellant was apprehended in the act of burglarizing a box car. He signed a confession admitting his guilt. Appellant questions the sufficiency of the evidence. We regard it as abundantly sufficient to support the verdict of the jury.

Several special requested charges appear in the transcript. None of these are shown to have been timely presented. Under oft-repeated decisions these present nothing for review.

Appellant was shot at the time he was apprehended by McCall, a special officer. Objection was made to the argument of the County Attorney to the jury to the effect in substance "that he did not blame McCall for shooting the defendant because the defendant had been convicted of box car robbery three times before and was a dangerous character." The confession of appellant shows that he had been convicted and the argument of the County Attorney appears justified by the facts in evidence.

Another bill is presented to the closing argument of the County Attorney in which it was alleged he stated that "if the defendant's attorney thought the State had not made out a case, he would have asked the Court to instruct the jury to find the defendant not guilty but that his attorney did not so request the Court to give any such instructions, when in fact the County Attorney well knew that the defendant's attorney had in fact requested the Court to instruct the jury to find the defendant not guilty." The appellant received the lowest punishment. In our opinion such an argument could not have injured appellant. His guilt is overwhelmingly established and the verdict seems clearly in response to the evidence rather than to any improper argument.

By Bill No. 4 it is made to appear that defendant was compelled to answer that he had been convicted and served a term in the penitentiary in 1920 for a box car robbery and theft. This was not too remote and was admissible to affect defendant's credibility as a witness, he having taken the stand to testify; besides, his confession admitted, apparently without objection, contains substantially the same testimony.

These are all the questions presented. They are so well settled that we have not thought it necessary to cite authorities.

The judgment is affirmed.

*Affirmed.*

' The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

' LATTIMORE, JUDGE.—Mr. Richardson was local agent of a railway company, and the car alleged to have been burglarized was in the station of said company awaiting unloading. Same was in the care, control and management of Richardson. The contention is now made that McMahon, warehouseman under Richardson, had the care and control of the car in question, and that the testimony does not support the allegation in the indictment of ownership 'of the car and its contents in Richardson. We find ourselves unable to agree to this proposition. The testimony was that the car in question had not been "spotted" for unloading. Except when in the discharge of his duty to unload, when that time came, McMahon had no control of the cars in the station. This seems to dispose of this contention made in the motion.

· On the general proposition that the evidence did not make out a case, as said by us in our former opinion, the confession of appellant was in evidence admitting his guilt, and this with other testimony amply supported the State's theory. Appellant claimed that when he made the confession he was not rational. The court below gave a special charge prepared by appellant's counsel telling the jury that unless they found from the evidence that appellant was normal and rational when he made the confession referred to, they should not consider same for any purpose. The jury apparently decided this issue against appellant.

In this case we are of opinion that that part of the charge of the court instructing the jury that by the term "entry" into a railroad

car is meant any kind of entry but one made by the free consent of the owner, etc., was clearly erroneous,—but the facts in this case showing that such entry was by force and a breaking,—the error referred to must be held harmless. Crane v. State, 240 S. W. Rep. 920. Both in the confession of appellant and the testimony for the State it was shown that the seals on the door of the car in question were broken by appellant and his companion on the occasion of the alleged burglary. We are forbidden by the statute to reverse any case for an error in the charge not calculated under the facts in that case to injure the rights of the accused. Art. 666 C. C. P.

We do not think the reference by the prosecuting attorney as evidenced by his argument to the jury, to the fact that appellant was a dangerous man, was wrong or unwarranted in view of the record and the admissions in the confession by appellant as to his criminal record in the past. Nor do we think the other argument, referring to what appellant's counsel may have thought or not thought as related to their having asked or not asked a special charge instructing a verdict of acquittal, would constitute any ground for reversal.

The motion for rehearing will be overruled.

*Overruled.*