## Lee Burns v. The State.

No. 17214. Delivered January 30, 1935.
Reported in 78 S. W. (2d) 956.

The opinion states the case.

*Currie McCutcheon,* of Dallas, and *Scott & Hall,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery by assault and his punishment was assessed at confinement in the penitentiary for a term of ten years.

The testimony adduced by the State shows that on the morning of April 27th, A. D. 1934, Mrs. Edwina Berg went from Longview, Texas, to Shreveport, La., where she purchased a quantity of whisky for the purpose of transporting it to Longview and selling it. After she had passed through the town of Marshall on her return trip, the appellant, Joe Bushiey and Ben Musick overtook her and robbed her, by the use of violence and firearms, of a quantity of whisky and approximately $200 in money.

The appellant testified in his own behalf that he, Joe Bushiey and Ben Musick left Dallas that morning about 8:30 or 9 o'clock with the intent of robbing Mrs. Berg of whisky. He testified as follows: "We drove up beside of her and she stopped. We didn't have a gun. She stopped the car because we told her to stop. I asked her what she had in there and she didn't say anything. I asked her again and she said, 'I know what you want.' I saw the gun in her hand and Joe Bushiey grabbed the gun out of her hand. I did not do a thing then but ask her for the key, to pull the car off the road and get the stuff. She told us to unload right there; we told her we didn't want to because there was so much traffic. We took her down a side road into the woods. I went in the car with Mrs. Berg and Joe Bushiey was standing on the running board of the car. When we unloaded the car we put the whisky into our car. There were 9 cases of liquor. Then we went back to Dallas where we turned the whisky into money. I did not get any of her money. None of us did. We didn't see any money. I never had that black pocket book in my hand and never

opened it. None of the boys got that pocket book. She threw the pocket book in her own automobile; that was before we went down the road. When we stopped her on the road we did not intend to take any of her money. We did take the whisky."

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting the district attorney on cross-examination of the appellant to elicit the fact that he (appellant), had been convicted of burglary seven years ago and was sent to the penitentiary. We think this testimony was admissible as affecting the credibility of the appellant as a witness.

By bills of exception 3, 4 and 6 the appellant complains of the action of the trial court in not permitting him to elicit from the prosecuting witness, Mrs. Berg, that she had a colored boy who sold whisky by the pint and quart for her and to further prove specific instances of the sale of liquor by her for the purpose of affecting her credibility as a witness. Isolated acts could not be resorted to for that purpose unless such acts culminated in an indictment. See Ware v. State, 36 Texas Crim. Rep., 597; Jenkins v. State, 45 Texas Crim. Rep., 173; Preston v. State, 41 Texas Crim. Rep., 300.

By bills of exception 7 and 8 the appellant complains of the action of the trial court in declining to sustain his plea to the jurisdiction of the court on the ground that appellant, after he had been indicted by the grand jury of Harrison County of the offense of robbery, sued out a writ of habeas corpus before the district judge of said county, who, upon a hearing thereof, fixed the amount of appellant's bail at the sum of $10,000 and remanded him to the custody of the sheriff of Harrison County until he should have entered into a good and sufficient bail bond in said sum in a manner and form prescribed by law; that from said order of the court he appealed to the Court of Criminal Appeals of the State of Texas seeking a reduction of the amount of bail; that the Court of Criminal Appeals had not acted upon said case and therefore the district court of Harrison County was without jurisdiction to try this case on its merits. This same question has been before this court in the case of Guy Mitchell v. State, *No. 16,516, delivered March 28, 1934, opinion not yet reported, in which this court held adversely to the appellant's contention.

By bill of exception No. 9 the appellant complains of the action of the trial court in declining to peremptorily instruct the jury to return a verdict of not guilty. From the record

before us we have concluded that the testimony in this case would not justify such an instruction.

By bill of exception No. 10 the appellant complains of the action of the trial court in declining to submit to the jury his requested special instruction No. 9, which reads as follows: "You are instructed that the defendant is not on trial for taking the whisky and gin from the prosecuting witness, Mrs. Berg, and you can not convict the defendant in this case for taking said liquor." We are of the opinion that the court did not commit any error in declining to give said requested special instruction, inasmuch as the court, in paragraph 6 of his main charge, had instructed the jury as follows: "You are further charged as a part of the law in this case that if you believe from the evidence that defendant and Joe Bushiey and Ben Musick, or either of them, took from the witness Mrs. Berg on the date alleged in the bill of indictment an amount of whisky, but if you do not believe beyond a reasonable doubt that the defendant or either of the other parties named above took the property described in the bill of indictment, then you will find the defendant not guilty." This charge of the court specifically instructed the jury that if the appellant and Joe Bushiey and Ben Musick, or either of them, took from the witness Edwina Berg an amount of whiskey they could not convict the appellant unless they believed from the evidence beyond a reasonable doubt that he or either of the other parties named took the property described in the indictment. The only property described in the indictment was the money. The charge clearly confined and limited the jury in considering the property taken to the money alone, and the appellant's guilt is made to depend entirely upon the taking of the money.

By bill of exception No. 11 the appellant complains of the action of the trial court in declining to submit to the jury his requested special instruction No. 10, which is to the effect that if Mrs. Edwina Berg on the occasion in question lost $200 in money but they had a reasonable doubt as to whether $200 was actually lost out of said purse, or whether the defendant, Joe Bushiey or Ben Musick, or either of them, got same, then to give to the defendant the benefit of the doubt and acquit him. We do not believe that the court committed any error in declining to give said requested special instruction, inasmuch as the court had already submitted to the jury the defendant's special instruction No. 4, which reads as follows: "You are instructed that if Mrs. Edwina Berg had $200 in money in her purse and the same was lost by her on the occasion involved

herein, but the defendant, Joe Bushiey and Ben Musick did not get said $200, or if you have a reasonable doubt thereof, you will acquit the defendant."

By bill of exception No. 12 the appellant complains of the action of the trial court in declining to submit to the jury his requested special charge No. 11, which reads as follows: "You are instructed that if defendants Bushiey and Musick intended to take the liquor from the prosecuting witness, Mrs. Berg, but did not intend to take any money, and after Mrs. Berg's pocketbook fell to the ground, that Bushiey and Musick took the money she claimed was taken, $200, and the defendant Burns did not know anything about it, then in that event you will acquit the defendant, or if you have a reasonable doubt thereof, you will acquit him." It occurs to us that this charge was not authorized by the testimony. The appellant, Bushiey, and Musick had theretofore agreed to rob Mrs. Berg of the liquor. They had gone out on a robbing expedition. Robbery was their motive and their purpose, and the fact that in addition to robbing her of her whisky they robbed her of her money, although the appellant may not have known of the taking of the money by Bushiey and Musick, or either of them, would not relieve him of the consequences of the act of his codefendants. The original design and purpose of the appellant and his associates was robbery and the taking of the money by assault or violence and the use of firearms fell within the scope of the original design. The gist of the offense in robbery is the taking of property by one person from the person of another by assault or violence, etc. It makes very little difference whether they take the property which they originally intended to take or take any other property. The offense constitutes robbery just the same. In the case of Cadle v. State, 57 S. W. (2d) 147, this court, speaking through Judge Hawkins, said: "The State's testimony presented the theory that appellant was a party to a conspiracy to commit the offense of robbery. If the jury believed that Childress, appellant, and others had conspired to rob McGowan and others of whisky, appellant would not be free from guilt if in fact his coprincipal Childress robbed McGowan of money. Under such circumstances, appellant would be responsible for the acts of his coprincipals." We therefore overrule the appellant's contention.

By bill of exception No. 13 the appellant complains of the action of the trial court in declining to give his requested special instruction No. 12. We do not believe that the court committed any error in this respect inasmuch as the court had

already submitted appellant's requested special instruction No. 4, which is hereinabove set out. This charge was substantially the same as the requested special charge No. 12. Therefore it was not error for the court to decline to submit the same.

Bill of exception No. 14 relates to the action of the trial court in declining to submit to the jury appellant's requested special instruction No. 13, which relates to reasonable doubt as to any fact or facts going to the appellant's guilt. We are constrained to hold that this action of the court was not error, inasmuch as the court, in paragraph 9 of his main charge, definitely instructed the jury that the burden of proof is on the State and the defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in case they had a reasonable doubt as to defendant's guilt, to acquit him. See Edens v. State, 41 Tex. Crim. Rep., 522; Eggleston v. State, 59 Tex. Crim. Rep., 542.

By bills of exception Nos. 15, 16 and 17 the appellant complains of the action of the trial court in declining to submit certain requested special instructions. We have examined the same, together with the court's main charge, and have reached the conclusion that there was no error committed by the court in declining to submit the same to the jury.

By bill of exception No. 24 the appellant complains of the action of the trial court in permitting the district attorney to prove by the witness Elmer Baker, a constable in Longview, "that one and one-half hours after the alleged robbery he went to the home of the prosecuting witness Edwina Berg when she told him that she had been robbed by three men and they had taken $200 in money from her," to which the appellant objected on the ground that it was not res gestae, and was a self-serving declaration of the prosecuting witness in the absence of the appellant, and was hearsay and further that it was an attempt to corroborate and bolster up the testimony of the prosecuting witness. The bill of exception is qualified by the trial court as follows: "The witness Baker testified concerning the matters objected to as follows: 'I imagine when I first saw Mrs. Berg it was between 11 and 12 o'clock at her home on Friday, April 27, 1934. At that time she appeared very nervous, excited and hysterical. At the time I first talked to her at her home while in that condition she made a statement with reference to the loss of money.'" The court certifies that he did not testify that she told him that she had been robbed by three men and that they had taken $200 from her as shown by the bill; that the witness Baker

had already testified without objection that, in response to a call, he went to the prosecuting witness' home and accompanied her to the scene of the robbery to recover her automobile; that he observed her condition, and she ·had suffered injury. It is our conclusion that the bill, as qualified, fails to reflect any error in the action of the trial court.

By bill of exception No. 25, the appellant complains of the action of the trial court in permitting the district attorney to prove by the appellant, while on cross-examination, that he had been in jail for about two weeks at Sherman, Texas, in 1927, and that from jail he went to the penitentiary where he remained two years; that during the time he was in the penitentiary he left for about four months or more without permission. The bill of exception, which is in question and answer form, shows that the court sustained the appellant's objection and instructed the jury not to consider the same. We are of the opinion that the court did not commit any error in this respect because the fact that the appellant had been in the penitentiary was admissible for the purpose of affecting his credibility as a witness, and the fact that he had left the penitentiary for four months without leave or permission was withdrawn from the jury by the court and the jury were instructed not to consider the same.

What we have said with reference to bill of exception No. 25 applies to bill of exception No. 26, as it relates to the same subject matter.

By bill of exception No. 27 the appellant complains of the action of the trial court in permitting the district attorney, on cross-examination of the appellant, to elicit from him the fact that he, Joe Bushiey and Ben Musick came to Harrison County on Tuesday prior to the 27th day of April, 1934, and took with them from Harrison County on said occasion two pistols. We believe that this testimony was admissible for the reason that the prosecuting witness testified that the appellant drew a pistol on her and made an assault upon her with a pistol, which he denied. This was a circumstance which tended to prove the appellant had a pistol at the time of the commission of the alleged offense.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*Reported on page 623 of this volume.