### TOMMIE BURTON V. THE STATE.

No. 22663. Delivered December 15, 1943.

The opinion states the case.

*Hutchison & Hutchison,* of Paris, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for selling whisky in dry area; punishment assessed being one year in the county jail.

The alleged purchaser was R. H. Jenkins, a sergeant in the U. S. Army. He had been assigned by the provost marshal to aid the Texas Liquor Control Board. On January 5, 1943, he went to the Gibralter Hotel in Paris, where appellant, a colored boy, was a bellhop, and bought from him a pint of whisky for which he paid four dollars and fifty cents. Appellant denied having made such sale, asserting that he had never seen Jenkins until he saw him in the courtroom during the trial.

Upon cross-examination of appellant the attorney for the State asked him how many other times he had been "charged and arrested with violation of the liquor laws of the State of Texas." Objection was interposed upon the ground that the inquiry was not concerning a felony nor of an offense involving moral turpitude. The objection was overruled and appellant answered "Twice." We observe that upon redirect-examination appellant testified that he had never been charged nor arrested for any offense prior to his arrest in the present case. It thus appears that for whatever other offense he had been charged or arrested regarding violations of the liquor laws it occurred at a time

when the offenses were misdemeanors and not felonies. The court admitted the evidence on the theory that it was permissible for impeachment of appellant and so limited it in his charge to the jury. The court was in error in overruling appellant's objection. See Shepherd v. State, 76 Tex. Cr. 307, 174 S. W. 609, and cases therein cited. Also, see Johnson v. State, 80 Tex. Cr. R. 547, 191 S. W. 1165. Under the charge for which appellant was on trial and the case as developed, the evidence does not appear to have been admissible for any purpose. See Holloway v. State, 54 Tex. Cr. R. 115, 111 S. W. 937; Campbell v. State, 55 Tex. Cr. R. 277, 116 S. W. 581; Gustamente v. State, 81 Tex. Cr. R. 640, 197 S. W. 998; Amthor v. State, 98 Tex. Cr. R. 383, 265 S. W. 896; 18 Texas Jurisprudence, Section 31.

Some objections to the argument of the assistant county attorney are brought forward. These arguments will not likely recur upon another trial.

For the error discussed, the judgment is reversed and the cause remanded.