MIKE NATTALI V. THE STATE.

No. 23997. Delivered April 7, 1948.

*W. J. Baldwin,* of Beaumont, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted in the County Court of Jefferson County of the sale of whisky on Sunday. The information alleged the primary offense and in a subsequent paragraph, for the purpose of enhancing the punishment, it was averred that appellant had been previously convicted in 1943 in the County Court of selling liquor in a wet area without a permit. Punishment was assessed by a jury at a fine of $350.00 and 120 days in jail.

An agent of the Liquor Control Board testified to the sale. This was denied by appellant. The jury settled that issue against appellant.

On cross-examination of appellant it was elicited from him that he was at the time of the trial forty-one years old and that twenty years ago, when he was only twenty years old, he had been convicted in two burglary cases. This evidence was objected to on the ground that the convictions were too remote to be available as impeaching evidence against appellant. The objection should have been sustained. Armstrong v. State, 88 Tex. Cr.R.433, 227 S.W. 485; Lott v. State, 123 Tex.Cr.R. 591, 60 S.W. (2d) 223; Taylor v. State, 77 Tex. Cr. R. 376, 179 S. W. 113; White v. State, 57 Tex. Cr. R. 196, 122 S. W. 391; Branch's Ann. Tex. P. C., page 103, Sec. 170, where many other cases will be found cited.

It is not shown upon what ground the trial court admitted proof of these remote convictions. If the court thought it became admissible on account of the misdemeanor conviction in 1943 he was in error. On page 103, Sec. 169, Branch's Ann. Tex. P. C. is found the following text which is supported by many cited cases. "Defendant or any other witness cannot legally be impeached by proof that he was arrested for or charged with or convicted of a misdemeanor violation of the local option law, it not being a misdemeanor imputing moral turpitude." See also Shepherd v. State, 76 Tex. Cr. R. 307, 174 S. W. 609; Johnson v. State, 80 Tex. Cr. R. 547, 191 S. W. 1165; 45 Texas Jurisprudence, page 238, cases under Note 17, Sec. 318-a.

It was also averred in the information that appellant had been convicted of a misdemeanor—selling beer to a minor—in

Jefferson County in 1939. It having been discovered that this was an error, this averment was abandoned. During the argument of appellant's attorney he was criticising the attorneys for the State for inserting such averment in the State's pleading. The court stopped the argument and permitted proof to be made, over appellant's objection, as to how said averment got into the pleadings by mistake. This matter is brought forward in Bill of Exception No. 2. We do not discuss the question. It will not arise on another trial.

For the error in admitting proof of the remote convictions of appellant the judgment is reversed and the cause is remanded.