## JAMES ARTHUR WHITWORTH V. STATE.

No. 24392. June 8, 1949.

456

No attorney of record on appeal for appellant.

*Ernest S. Goens*, State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Conviction is for driving a motor vehicle upon a public highway in Brown County, Texas, while intoxicated, penalty assessed at a fine of $100.00.

The state's evidence supports the verdict and judgment. However, an issue was closely drawn on whether appellant was intoxicated. Two witnesses, Joe Sligar and C. S. Sanford, testified as to the nonintoxication of appellant.

The brief of our very able state's attorney, the Honorable Ernest S. Goens, confessing error, so correctly reflects the views of the court that we adopt said brief as our opinion:

"The proceedings appear regular and the facts sufficient to support the conviction.

"Appellant, however, brings forward two bills of exceptions. By Bill No. 1, it is made to appear that while the State was cross-examining defense witness Joe Sligar he was asked the question 'if he was under any complaint or indictment at this time,' and the witness was required to answer that he was under complaint at Comanche for transporting whisky. Appellant objected to said question and answer on the ground that said offense of transporting whisky is a misdemeanor not involving moral turpitude and therefore not a proper manner of impeaching the witness.

"We believe the trial court erred in permitting the prosecuting attorney to propound said question and requiring the witness to answer same over the timely objection of appellant. In support of this proposition we cite Burton v. State, 146 Tex. Cr. R. 446, 176 S. W. (2d) 197, and authorities therein cited.

"By Bill No. 2, appellant asserts as error the fact that while defense witness C. S. Sanford was testifying he was asked on cross-examination by the county attorney if he had ever been convicted of a felony. Appellant, through counsel, objected to

said question, whereupon the jury was retired, and out of the presence and hearing of the jury it was developed that the witness had been convicted of selling whisky in 1929 at which time said offense was a felony. Thereupon the county attorney withdrew the question and the jury was brought back into the courtroom; but appellant, through counsel, reserved an exception to the asking of the question in the presence of the jury.

"We believe that the conviction of the witness for selling whisky in 1929 was rather remote, and an objection to such evidence because of its remoteness would have been good. It seems to be the rule, however, that this Court will not reverse because the impeaching evidence was remote if the bill of exception fails to show that the defendant objected to its introduction on the ground that it was too remote. Sue v. State, 52 Texas Crim. Rep. 122, 105 S. W. 804; Hunter v. State, 59 Tex. Crim. Rep. 439, 129 S. W. 131.

"For the error pointed out, the State suggests that the judgment of the trial court should be reversed and the cause remanded.

"(Signed) <em>Ernest S. Goens</em><br>State's Attorney."

The judgment is reversed and cause remanded.