BOB WHITE v. THE STATE.

No. 12351. Delivered May 8, 1929.
Rehearing denied October 9, 1929.

The opinion states the case.

*Chastain & Judkins* of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

Officers found appellant reading a paper, sitting something like three or four feet from a still which was in operation. A shot gun was near by. A few feet away were eight barrels of mash. A

gallon or two of whisky was in a container, and some eighty yards from the still a five gallon keg of the same liquor was found. The still was located in a pasture some two or three hundred yards from the house in which appellant lived. The record does not disclose the nearness of any other house. There was no proof that any other party was at or near the still. In conversation with the officers at the time appellant said, "There wasn't nobody here with me."

Appellant's special charge No. 1 was refused, but appears almost literally in the main charge. His special charge No. 2, seeking to have the jury told that before they could convict they must believe beyond a reasonable doubt "that the defendant did some act necessary in the manufacture of the liquor," was in substance given in the main charge wherein the jury were told that they could not convict unless they believed beyond a reasonable doubt "that the defendant did some act toward the manufacture of intoxicating liquor."

The court charged on circumstantial evidence fully and fairly. If there was any reference to principals in the charge when excepted to, same was evidently taken out in response to an exception. Proof that the accused, who testified as a witness, had been tried and convicted for a felony within five years next past, was admissible as affecting, if the jury so thought, his credibility as a witness. Authorities are uniform in this regard. The transaction testified to was not too remote. The finding of the keg of whisky eighty yards from where the still was in operation, was a circumstance to be considered by the jury which, under all the facts, gave him the lowest penalty for the offense.

One who is found at a still alone and makes res gestae statements to the officers to the effect that no one was with him, will not be heard to complain of the fact that when he took the witness stand as a witness, on cross-examination, it was elicited from him that in what he told the officers at the time he made no mention of the making of the whisky by a man named Simmons. Appellant did not keep silent when the officers found him at the still, but made statements. The State is not now proving silence under arrest as a circumstance against appellant, but that he then told one story and now tells a different story. See authorities collated in Mr. Branch's Annotated P. C., Sec. 147.

The officers went first to the house where two women were. Bill of exceptions No. 7 complains of argument on the part of State's attorney to the effect that appellant's wife was trying to

fire a gun to give him warning. The bill is qualified by the trial court who sets out the testimony in this regard, and as qualified said bill shows no error.

Finding nothing in the record calling for a reversal, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Our disposition of appellant's bill of exception No. 6 is seriously complained of in the motion for rehearing. Examination of said bill shows that same sets out three things as having transpired during the cross-examination of appellant while on the witness stand; First, that he was asked to state the substance of a conversation he had with the officers after they had arrested him; second, that he was asked whether or not he told the officers, at any time after his arrest, about some one else having been at the still and going off to get wood, and; third, that he was compelled to testify over the objections of his counsel, that he at no time told the officers of the presence of the man Simmons. It is stated further in the bill that appellant objected to "Said testimony because it was proof of the defendant's silence and of acts and conduct of the defendant while under arrest and without warning," which objections were overruled, and he was compelled to testify that he at no time told the officers of the presence of the man Simmons at the still. This bill is approved with the qualification by the trial court that he permitted the questions and answers as part of the res gestae. The rule is well settled that a bill of exceptions will not be held to show error when part of the matter objected to is competent, even though there be other parts embraced within such objection which are not competent. Also, equally well settled is the rule that the averments of the bill must be so clear as that the error, if any, may be ascertained therefrom. Manifestly res gestae statements made by the accused at the time of his arrest at the still and in apparent possession thereof would be admissible. This applies to the first question mentioned in the bill, and nothing in the bill suggests that any inquiry was directed to a conversation which was not res gestae. Said bill does not set forth that appellant ever saw the officers in question at any time after the immediate surroundings of his arrest, nor does it show that he ever had any opportunity to talk to them, nor that he was at any time thereafter asked in reference to any man named Simmons and that he then kept silent. Looking to the statement of facts, we quote all of ap-

pellant's testimony relating to the matters contained in this bill of exception, bearing in mind that the State had proved by the officers only the conversation had with appellant at the time of his arrest at the still, and that they had not been asked to testify as to any other conversation with appellant, and that he at no time gave any testimony, save that which is quoted.

"As to whether I didn't tell Lee Reed that there wasn't anybody else there; there wasn't while they were there. I did not tell him that I had not seen anybody there; I didn't tell him that at all. I heard his testimony. I did not tell him them words. That part of it that he says I told him isn't true.

"I had a conversation with Mr. Seaborn and Mr. Reed when they came up there at the still at the time they arrested me when I was sitting on the ground with a gun by my side. At that time I didn't tell them about this belonging to somebody else. I didn't tell them anything about Simmons then. He had been gone fifteen minutes and I was waiting for him to come back; he said he was coming back and I was waiting there for him to come back. I never mentioned to them that he would be back."

In the testimony of officer Reed as to the conversation he had with appellant at the time and place of the arrest appears the statement of Mr. Reed as follows: "In a joking way, I says, 'Who was with you while ago?' He says, 'There wasn't nobody here with me.' I didn't see anyone, I was just joking him and asked him who had been there. I hadn't seen anyone at all in the neighborhood." The State having shown this conversation, and appellant having taken the witness stand, it was proper to ask him in reference to the statements made by him to the officers which were res gestae and made at the time he was found in possession of the still.

We do not think appellant's bill of exception No. 2 brings forward any reversible error, and the motion for rehearing is overruled.

*Overruled.*