HUGH R. STANFIELD V. THE STATE.

No. 19377.   Delivered February 9, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*Anthony Morales, Jr.,* and *John L. Dodson,* both of Del Rio, and *Wm. F. Simmang* and *T. B. Monroe,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of rape and his punishment was assessed at confinement in the State Penitentiary for life.

Only two questions are presented for review. One is the sufficiency of the evidence to sustain appellant's conviction; the other relates to the cross-examination of his wife, relative to matters not inquired about on her examination-in-chief. We will undertake to dispose of these questions in their numerical order.

The prosecutrix, who was appellant's daughter, was a young girl of 13 years of age at the time of the commission of the offense. She testified that appellant had sexual intercourse with her on several occasions; that this happened at home when appellant's wife was absent. Dr. Ellis testified that he examined the girl and treated her; that he found the entrance to her privates much enlarged and the hymen ruptured. Appellant did not testify but placed his wife upon the witness stand, who testified that prosecutrix told her that on several occasions appellant had played with her, describing his conduct which is rather revolting in nature. We have carefully searched the record but fail to find any real contradiction of the testimony of the prosecutrix. However, if there was any such contradiction present, it would be a matter for the jury to decide, for they are, by law, made the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony.

The appellant's complaint concerning the cross-examination of his wife is also without merit. We find from an examination of the record that no objection was made to the cross-examination of appellant's wife at the time, but it appears that at the close of the testimony, appellant moved that the court instruct the jury not to consider and to disregard all of the testimony of Mrs. Stanfield, elicited from her by the State on cross-examination. We also note that the cross-examination related to matters inquired about of her on her examination-in-chief. Although the same might have gone into detail a little more than the appellant did on his direct examination of her, it still related to the same matters. But for the fact that the testimony in the instant case is so revolting, we would not be averse to setting a part of it out; to do so would serve no useful purpose, however, in view of its nature.

The general rule in this State is that when a defendant places his wife upon the witness stand, the State has a right, on cross-examination, to inquire of her as to all matters relating to her testimony given by her on direct examination. See Puckett v. State, 97 S. W. (2d) 214; Burdett v. State, 116 Texas Crim. Rep. 264.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant's complaint herein is relative to the cross-examination of his wife, and to the fact that he claims the State's attorney did not confine her cross-examination to matters that were brought out in her direct examination by his attorneys.

The record discloses that no objection was made nor exception taken to any of the proceedings while the wife was on the stand; that after the testimony from the witness had been concluded, the appellant's attorneys offered the following motion: "Now comes the defendant and moves the court to instruct the jury not to consider and to disregard all of the testimony of the witness, Mrs. Hugh R. Stanfield, the wife of the defendant, elicited by the State from the witness."

It is apparent that a large part of the cross-examination of this witness was pertinent and proper cross-examination of her direct testimony, and was not subject to a legal objection, and appellant's attorneys should have singled out the portion that they deemed objectionable, and requested its withdrawal from the jury's consideration. See Leahy v. State, 13 S. W. (2d) 874. In White v. State, 20 S. W. (2d) 196, in the opinion on motion for rehearing, Judge HAWKINS said:

"The rule is well settled that a bill of exception will not be held to show error, when part of the matter objected to is competent, even though there be other parts embraced within such objection which are not competent."

The motion was too general, and would have excluded testimony which was in a legitimate cross-examination of the appellant's wife.

The motion is overruled.